## Transfer of Mortgage Participation Certificates

SAYLOR, Deputy Attorney General, January 15, 1935.—You request to be advised whether a bank and trust company or a trust company, which issues participations in a single bond secured by a mortgage, or in a pool or fund of bonds secured by mortgages, or of other securities, must comply with the requirements of section 1111 of the Banking Code of 1933 with respect to such participations which have been or may be owned at some time by the commercial department.

Section 1111 of the Banking Code of May 15, 1933, P. L. 624, which became effective on July 3, 1933, has been the subject of numerous interpretations by this department. Its general effect is that, with certain exceptions, no security once owned by the commercial department of a bank and trust company, a trust company, or a National bank exercising fiduciary powers, may be the subject of investment of trust funds, unless such security was earmarked for such investment at the time of its acquisition and was utilized for trust investment within 1 year after the date of acquisition.

In Informal Opinion no. 298, rendered December 12, 1933, we advised you that where a National bank having fiduciary powers had purchased a mortgage both with funds of the trust department and with funds of the commercial department, but had not earmarked for future trust investment that portion belonging to the commercial department, it could not thereafter transfer the commercial department's interest in the mortgage to the trust department for trust investment.

We did not consider or discuss in that opinion the provisions of section 1109 of the Banking Code. That section, referring to mortgage or security pools and participating interest in single bonds and mortgages for investment of funds held by fiduciaries, provides, in part, as follows:

"Section 1109. Mortgage or Securities Pools for Investment of Fiduciary Funds.—A. A trust company, or a bank and trust company in its trust department, may establish a pool or fund of bonds secured by mortgages, or of other securities, purchased solely with funds of estates held by it as fiduciary. All the bonds secured by mortgages, and all the securities, which comprise such pool or fund, shall be of the class authorized as legal investments for funds held by fiduciaries. The bank and trust company or the trust company shall apportion fractional undivided interest in such pool or fund to estates of which it is fiduciary in the proportions in which their funds were used to purchase the bonds secured by mortgages, or the securities, which comprise such pool or fund. Interests in such pool or fund shall not be sold to any corporation or person, but shall be held solely by the bank and trust company, or the trust company, as fiduciary, and the equitable interest owned solely by the estates of which such bank and trust company or such trust company is fiduciary. Inter-

ests in such pool or fund may be transferred in distribution to any beneficiary, and, in order to make distribution, may be sold by such bank and trust company or trust company to another trust estate or estates of which it is fiduciary, or, by a bank and trust company, to its commercial department, which may in turn resell the same to another trust estate or estates of which it is fiduciary, but not to any other corporation or person. . . .

"D. A bank and trust company or a trust company shall likewise have the power to create undivided interests in any single bond secured by a mortgage, or in any single security, to be apportioned among estates of which it is fiduciary, in the proportion to which their funds were used to purchase such asset. The bank and trust company or the trust company shall create and assign such interest, and shall designate upon its records the names of the estates to which any such undivided interest shall have been apportioned, and may issue participation certificates therefor in the same manner, under the same conditions, and subject to the same limitations as are authorized or imposed by this section in the case of a pool of more than one bond secured by mortgages, or of more than one security."

The question which now arises may be stated as follows: When, either prior to or since July 3, 1933, an institution acquired a mortgage or mortgage pool in its trust department and has since July 3, 1933, transferred or may hereafter transfer a participating interest therein from a trust estate to the commercial department for the purposes stated in section 1109, must the institution comply with the requirements of section 1111 with respect to that interest in order to make it eligible for future trust investment by retransfer to an estate in the trust department?

In our opinion, section 1111 has no application to such transactions.

Section 1109 of the Banking Code constitutes a participation in a single bond secured by a mortgage, or in a pool or fund of bonds secured by mortgages, or in pools of other securities a special type of investment for fiduciary funds. It provides that a participation in such a mortgage or in such a pool may be dealt with by the institution holding them only in its character as a fiduciary. Such participations may not be sold to the general public. When the commercial department advances its funds for the purpose of converting a participation held by a trust, at the time such trust is terminated, and the commercial department takes title to such participation, it is given specific authority by section 1109 (a) and (d) to use such participation thereafter for trust investment.

Accordingly, we advise you that if an institution transfers or has transferred a participating interest in a specific mortgage or a mortgage pool from an estate in its trust department to its commercial department for purposes covered by section 1109 of the Banking Code, that transaction is not within the provisions of section 1111, and the institution need not comply with the latter section in order to make the interest so transferred eligible for future trust investment.                    From C. P. Addams, Harrisburg, Pa.